UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DALMADO GAUTIER, *individually and on behalf of others similarly situated*,<br><br>Plaintiff,<br><br>-against-<br><br>3 WAY RESTAURANT, INC. (d/b/a 3 Way), *et al.*,<br><br>Defendants. | Case No. 1:20-cv-3776<br><br>~~PROPOSED~~ JUDGMENT BY DEFAULT |

On May 18, 2020, this action was commenced by Plaintiff's filing of the Complaint. (Dkt. No. 10). The summons and Complaint in this action having been duly served on the Defendants 3 Way Restaurant, Inc. (d/b/a 3 Way), Miguelina Luna, and Luis Bruno, and said Defendants having failed to defend this action, and said default having been duly noted, and upon the annexed declaration of default judgment,

NOW, on motion of Plaintiff, it is hereby ORDERED, ADJUDGED AND DECREED:

That Plaintiff Dalmado Gautier have judgment jointly and severally against the Defendants 3 Way Restaurant, Inc. (d/b/a 3 Way), Miguelina Luna, and Luis Bruno by default~~, in the amounts that follow, including compensatory damages and permissible liquidated damages and prejudgment interest, all computed as provided in 28 U.S.C. §1961(a):~~

~~$177,071.76 plus prejudgment interest calculated upon the amount of $177,071.76 at the rate of 9% per annum from the midpoint of the respective dates of accrual of interest on such damages to the date of judgment, which is calculated to be $214,904.09;~~

~~That the Plaintiff is awarded attorney's fees in the amount of $71,609.54 and costs in the amount of $1,405.25 , all computed as provided in 28 U.S.C. § 1961(a).~~

That the Plaintiff is awarded post-judgment interest, as calculated under 28 U.S.C. §1961.

That if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4).

The operative complaint alleges that Defendants violated the minimum wage and overtime provisions of the Fair Labor Standards Act, the New York Minimum Wage Act and the overtime, notice and recordkeeping, wage statement provisions of the New York Labor Law and seeks recovery of equipment costs.  The Complaint sufficiently pleads these claims to establish liability as a matter of law.  *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) ("[A] district court is required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law.").  The Complaint adequately alleges that Defendants willfully failed to pay Plaintiffs the applicable hourly rate, willfully failed to pay Plaintiffs overtime compensation and failed to provide Plaintiffs with written notice of their rate(s) of pay and/or dates of work covered by any payments received.

An order referring the case for a damages inquest will issue separately.

Dated:  June 2, 2022
         New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE