UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DALMADO GAUTIER, individually and on behalf of others similarly situated,

                Plaintiff,

-against-

3 WAY RESTAURANT, INC. (d/b/a 3 WAY), MIGUELINA Y LUNA, and LUIS O. BRUNO,

                Defendants.

20-CV-3776 (JGLC) (OTW)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

---

JESSICA G. L. CLARKE, United States District Judge:

    This damages inquest was referred to Magistrate Judge Ona T. Wang for a Report and Recommendation following an entry of default judgment against Defendants. *See* ECF Nos. 113, 114. In the Report and Recommendation filed on May 8, 2025, Magistrate Judge Wang recommended that Plaintiff be awarded a total of $106,222.31 in minimum wage and overtime damages, $106,222.31 in liquidated damages, and $32.00 in unlawful deduction damages, totaling $212,476.62. Judge Wang also recommended that Plaintiff be awarded pre-judgment interest in the amount of $50,337.18, attorney's fees and costs in the amount of $8,072.50, and post-judgment interest.[1] *See* ECF No. 125.

    In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to

---

[1] Judge Wang noted that, in granting Plaintiff's motion for default judgment, Judge Schofield granted Plaintiff post-judgment interest, as calculated under 28 U.S.C. § 1961. *See* ECF No. 113.

which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. *See* ECF No. 125 at 26. In addition, the Report and Recommendation expressly called Defendants' attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made. Accordingly, Defendants have waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008).

Despite the waiver, the Court has reviewed the Report and Recommendation, unguided by objections, and finds it to be well reasoned and grounded in fact and law. Accordingly, the Report and Recommendation is ADOPTED in its entirety.

The Clerk of Court is directed to enter judgment consistent with this Order and close the case. Plaintiff shall serve a copy of this Order on Defendants.

SO ORDERED.

Dated: October 2, 2025
New York, New York

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

2